DIEGO AGÜEROS & CÍA., Plaintiff and Appellee, v. ALFREDO HERES, Defendant and Appellant.

No. 6752. Argued December 19, 1935.—Decided June 19, 1936.

*José S. Alegría* for appellant.   *J. Pedro Miranda* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

This is the suit of Diego Agüeros & Company against Alfredo Heres.   After a description of the parties, the complaint set up as follows:

"That the defendant Alfredo Heres, took from the shop of the plaintiff rubber tires and tubes for automobiles (*gomas y neumáticos*) in the value of $1,068.94 under an obligation to pay the same whenever he was requested so to do by the plaintiff."

A demand and refusal was also alleged.

While details might be missing, as the appellant insists, or the obligation differently expressed, we hold that the complaint and especially the foregoing paragraph stated a complete cause of action.

The objection to the complaint was presented for the first time at the trial, and the court correctly held that any deficiencies were cured by the evidence and that greater details could have been obtained by a request for a bill of particulars.   The dates of the deliveries were unimportant for the pure purpose of stating a cause of action and we likewise agree with the appellee that any variance at the trial could not affect the statement of the cause of action.

A motion for nonsuit was overruled.   The appellee tries to say that such a motion is really a demurrer to the evidence and, if we understand the theory, that a variance could not be made the object of a motion for nonsuit.   We agree with the appellant that it could.   However, we find no variance.

The evidence showed that the defendant was once the agent of Diego Agüeros & Company and sold automobile

supplies for said company, but that such agency, by the consent of both parties, ceased. Then the evidence of the plaintiff tended to show, and the court believed it, that the defendant ordered automobile supplies from the plaintiff to be delivered to various persons and sometimes directly to the defendant, and, in case the accounts were not paid, that the defendant's responsibility would be insisted upon. In detail, there were a number of writings signed by the defendant upon delivery of the supplies. We have the idea that most if not all the supplies were delivered to the defendant, but perchance some of them were delivered directly to the supposed purchasers, but always at the request of the defendant and with the understanding that he was responsible. The evidence of the plaintiff was unmistakably in the direction of a delivery to, or at the instance of, the defendant. The motion for nonsuit was therefore properly overruled.

With respect to the other assignments of error the theory of the defendant was that these deliveries through him, or directly, were in each case a negotiation by the plaintiff with the persons to whom the goods were delivered. From the testimony it would perhaps appear that a commission was paid to the defendant for the sale of the supplies, but under the evidence this would be a discount. The court distinctly stated that it believed the managing partner of the plaintiff when he set out in detail the deliveries to various people for the account of the defendant. The defendant failed to establish his relation of agency.

The defendant on cross-examination when asked about certain accounts supposed to be charged to some of the various customers, said that they were so charged, but it transpired that these said accounts had not been charged to them but to defendant's own account directly. The argument of the appellee, however, as may be conceded, is defective in laying stress on the fact that the plaintiff did not know some of the persons to whom goods were delivered. It

is readily seen that if Heres was the agent, it would not be necessary for his principal to know the persons with whom he negotiated.

The appellant maintains that this is not the ordinary case of a conflict in the evidence and, to a certain extent, he is right. There was a greater possibility or probability, from the conduct of the plaintiff in charging up accounts to customers rather than to defendant, that such customers were liable. This possibility or probability was dissipated in the mind of the court by the actual testimony of the managing partner of the plaintiff. It was not at all unreasonable for the plaintiff to charge the accounts to customers of defendant, temporarily, as requested by him, and accept payments from them, but ultimately rely on the defendant for the payment. There was still a conflict in the evidence which the court had the right to decide and did so.

The judgment should be affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.